**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF APPLICATION FOR     :
ADMISSION TO PRACTICE IN THIS COURT   :

**PETITION**

I John M. Fitzpatrick, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows:

My office address is:     Wheeler Trigg O'Donnell, LLP

                                      370 17th Street, Suite 4500

                                      Denver, Colorado 80202

Office Telephone:     303-244-1800

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.

See Exhibit "A".

My attorney Identification number is:    39569

---

**FOR COURT USE ONLY**

_____GENERAL ADMISSION:

GRANTED BY THE COURT: _____     Date: _____

_____SPECIAL ADMISSION:

GRANTED BY THE COURT _____     Date: _____

Please Answer the Following Questions:

    All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)
    None.

    All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

    I do _____, do not __X__, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain: _____

    I am seeking:

    _____ General Admission under Local Rule LR 83.8.1

    __X__ Special Admission (specify by a check which rule) under

LR 83.8.2.1 __X__, LR 83.8.2.2 ____, LR 83.8.2.3 ____, or LR 83.8.2.4 ____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

    Trial counsel.

NAME THE PARTY YOU REPRESENT:

Cascades Tissue Group - Pennsylvania, et al.

If special admission is requested for a particular case, please list case number and caption:

Case # ___3:20-cv-182   (MDPA)___

Caption # ___Shirley and Glenn Sutter v. Cascade Tissue Group - Pennsylvania___

I understand that:

1) If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2) If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences and trials. (See LR 83.9)

   If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

   John P. McShea - McShea Law Firm, P.C.
   1500 Market Street, 40th Floor, Philadelphia, PA  19102
   215-599-0800

3) If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

John M. Fitzpatrick
PETITIONER

39569 (Colorado)
(Bar Identification Number and State where admitted)
September 24, 2021
(Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER      John M. Fitzpatrick

SPONSOR'S CERTIFICATE:

I, __John P. McShea__, am a member in good standing of the Bar of the United States District Court for the Middle District of Pennsylvania, having been admitted to practice on (month) __July__ (day) __14__, (year) __1987__. I have known the above petitioner for 12 years _____. To my knowledge, the petitioner's moral character is as follows:   I have known John Fitzpatrick since 2009. We have tried cases together in Philadelphia, both state and federal court, for a common client, General Electric Company. Mr. Fizpatrick exhibits the high level and moral standards, professionalism and character that are the hallmarks of an excellent trial lawyer and effective advocate.

To my knowledge, the petitioner's educational background and experience are as follows:   Notre Dame Law School, J.D. 1981

United States Military Academy, West Point, B.S. 1974

See also Exhibit "B".

I sponsor and recommend __John M. Fitzpatrick__ for admission as a qualified attorney to practice before this court.

John P. McShea
(sponsor)

Office address: McShea Law Firm, P.C.

1500 Market Street, 40th Floor
Philadelphia, PA 19102

Telephone: 215-599-0800

Attorney Bar I.D. Code No. __34562__

**EXHIBIT A**

## ATTACHMENT

A.     State Jurisdictions:

| | | |
|---|---|---|
| State of Virginia | 06/05/1989 | 29906 |
| District of Columbia | 02/12/1988 | 412798 |
| State of Colorado | 12/24/2007 | 39569 |
| State of Indiana | 05/25/2981 | 10711-98 |

B.     Federal Jurisdictions:

| | | |
|---|---|---|
| U.S.D.C. of Eastern Virginia | 06/27/1989 | N/A |
| U.S.D.C. of Western Virginia | 07/16/1990 | N/A |
| U.S.D.C. of Colorado | 10/20/2009 | N/A |
| U.S. Court of Appeals, 10th Cir. | 11/15/2010 | N/A |

**EXHIBIT B**

# BIOGRAPHY

**John "Fitz" Fitzpatrick has tried over 220 cases to verdict in more than 40 states, winning defense verdicts in the vast majority of them. He is a true generalist trial lawyer, having won for sophisticated clients in major trials across a broad range of industries. Fitz is one of only three lawyers in the nation specifically ranked by *Chambers USA* for asbestos toxic torts.**

### High-Stakes Cases Nationwide

Fitz's experience ranges from class action lawsuits involving both consumer products and employment issues to bad faith insurance claims to birth trauma and traumatic brain injury cases. His ability to quickly assess a case, tell a story, and charm a jury contributes to his exemplary record of success and has resulted in his being retained as lead trial counsel in high-exposure cases involving nationally recognized companies. Fitz's clients include General Electric, AT&T, Yum! Brands, Allstate, Family Dollar, and Evenflo. He is also national trial counsel to major insurance companies, such as ACE, Aegis, AIG, CNA, Electric Insurance Mutual, and Premier, for catastrophic, product liability, toxic tort, medical malpractice, and personal injury claims.

Clients often call on Fitz to parachute into a trial two to three weeks before jury selection and get up to speed—if not set the pace—very quickly. Recent evidence of this includes a two-week asbestos wrongful death trial in Philadelphia in the fall of 2013, in which he was engaged three weeks before trial and, after all the arguments were heard, obtained a complete defense verdict from the jury following just 15 minutes of deliberations.

In addition to representing top companies in their high-stakes trials, Fitz is national trial counsel for asbestos personal injury and wrongful death cases for General Electric, Foster Wheeler, Leslie Controls, Velan, and Dana Corporation.

Just since joining WTO in 2007, Fitz has tried over 30 cases to verdict in 10 states and many of the so-called "judicial hellholes" for corporate America, including Philadelphia, Baltimore, Los Angeles, San Francisco, and Madison County, Illinois. He frequently presents to corporate counsel around the country on how to select experienced trial lawyers for high-exposure cases.

### National Specialized Litigation Teams

In addition to asbestos personal injury and wrongful death, Fitz has extensive experience trying medical malpractice actions throughout the United States. Since 2006, Fitz has tried over 35 high-exposure medical malpractice cases to verdict in 16 states and prevailed in 95% of them. He has won defense verdicts in highly charged cases involving birth trauma, brain injury, spinal injury resulting in paralysis, and death.

Fitz's first medical malpractice trial, in Virginia in 1989, led to creation of the largest medical malpractice team in that state over the next 20 years. Fitz generally had three to five of the top defense verdicts in Virginia in any given year. His expertise in cases involving babies who suffered brain damage at birth led CNA Insurance to appoint him national trial counsel for birth trauma cases in 2002, and then to assist CNA in selecting a national birth trauma team, which has since evolved into a national catastrophic injury team. In 2005, Fitz was named CNA's 2004 Health Pro Litigator of the Year. Fitz has also served as national trial counsel for high-exposure medical malpractice cases for insurers Premier and AIG, and large hospital groups such as MedStar Health and Universal Health Services.

### Distinguished Veteran

A former concert pianist and Army Airborne Ranger, Fitz began his legal career in 1981 with the U.S. Army JAG Corps as a prosecutor trying criminal cases in Colorado. He became the Eighth Army Division's Chief Prosecutor in South Korea in 1983 before being selected as the senior medical malpractice attorney for the U.S. Army Tort Branch at the Pentagon in 1986. There he tried 12 civil cases to verdict in federal courts across the country before entering private practice in Richmond, Virginia, in 1988. Fitz's civilian trial career started when he was selected as the youngest national trial counsel for Owens-Corning's asbestos trial team in 1989.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CODE OF PROFESSIONAL CONDUCT

**As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:**

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are life lines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above
Code of Professional Conduct:

John M. Fitzpatrick
Signature