# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY ANN SUTTER AND GLEN W. SUTTER, w/h, | : : : | Civil Action No. 3:20-cv-00182 |
| Plaintiffs, | : : | (Judge Mannion) |
| v. | : : | |
| CASCADES TISSUE GROUP – PENNSYLVANIA, INC. et al., | : : : | [Electronically Filed] |
| Defendants. | : : | ORAL ARGUMENT REQUESTED |

**BRIEF OF DEFENDANT CASCADES TISSUE GROUP-PENNSYLVANIA, A DIV. OF CASCADES HOLDING US INC. IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE PATRICK RAFFERTY, MSPH, CIH FROM RELYING UPON OR OTHERWISE TESTIFUING WITH RESPECT TO INFORMATION CONTAINED IN <u>UNDISCLOSED DECLARATIONS OF UNDISCLOSED DECLARANTS (ECF 71)</u>**

John Patrick McShea, III (PA 34562)
**MCSHEA LAW FIRM, P.C.**
1500 Market Street, Suite 4000
Philadelphia, PA 19102-2100
(215) 599-0800
jmcshea@mcshealawfirm.com

John M. Fitzpatrick
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeenth Street Suite 4500
Denver, Colorado 80202
(303) 244-1874
fitzpatrick@wtotrial.com

*Attorneys for Defendant Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc.*

# INTRODUCTION

Defendant Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc. ("Cascades") submits this opposition to Plaintiffs' motion for the entry of an Order to preclude Patrick J. Rafferty, MSPH, CIH from relying upon or otherwise testifying with respect to information contained in undisclosed declarations of unidentified declarants (ECF 71).  The Court should deny Plaintiffs' motion because the Plaintiffs bear the burden of probing the basis of Mr. Rafferty's opinion and have failed to conduct expert discovery.[1]

# ARGUMENT

**PATRICK J. RAFFERTY, MSPH, CIH SHOULD NOT BE PRECLUDED FROM RELYING ON THE DECLARATIONS OF TWO PARTICIPANTS AS SET FORTH IN HIS REPORT.**

On page 18 of his report, Patrick Rafferty notes that "declarations of two participants in the renovation project indicate that before asbestos-insulated equipment was handled [at Cascades], the asbestos was first removed using appropriate asbestos abatement techniques as required by government agencies." Plaintiff seeks to exclude this information on the basis that the two participants are unidentified and the information constitutes hearsay.  Plaintiffs' motion should be denied.

---

[1] This Court is familiar with the legal standard for a motion *in limine*, discussed in Cascades' brief in opposition to Plaintiffs' motion filed at ECF 47, application of which compels the denial of Plaintiffs' instant motion *in limine.*

Rule 703 of the Federal Rules of Evidence provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts of data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

The facts an industrial hygienist might rely upon include visiting a work site, speaking with workers on site, and reviewing documents concerning the work site.

Furthermore, Rule 705 of the Federal Rules of Evidence provides:

> Unless the court orders otherwise, an expert may state an opinion – and give the reasons for it – without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.

Thus, Rule 705 does not require an expert witness to disclose the facts upon which an opinion is based prior to expressing the opinion. Instead, the cross-examiner bears the burden of probing the basis of the opinion.

Plaintiffs also claim that Mr. Rafferty should be precluded from giving any testimony based upon the declarations because the information contained therein is inadmissible hearsay. However, the modern view in evidence law recognizes that experts often rely on facts and data supplied by third parties. *See* Fed. R. Evid. 703. Rules 703 and 705 codify this approach and numerous federal court circuits and state courts permit the disclosure of otherwise hearsay evidence for the purpose of illustrating the basis of the expert witness' opinion. *See, e.g.*, *Int'l Paper Co. v. U.S.*, 227 F.2d 201, 208-209 (5th Cir. 1955) (opinion of fair value of condemned

2

property based on similar sale permitted); *U.S. v. Featherston*, 325 F.2d 539, 542-543 (10th Cir. 1963) (same); *Brennan v. Reinhardt*, 211 F.3d 449 (8th Cir. 2000) (admission, through expert testimony, of hearsay statements of plaintiff's physicians permissible); *Brown v. U.S.*, 375 F.2d 310, 318 (1996) *cert. denied*, 388 U.S. 915 (1967) (doctor's testimony on defendant's insanity based in part on reports of other doctors permissible); *Primavera v. Celotex,* 608 A.2d 515 (Pa. Super. 1992) (in an asbestos-related lawsuit, expert witness may rely on information generated by others who may not be subject to cross-examination). Courts have even permitted the admission of hearsay opinion on the ultimate issue if some guarantee of trustworthiness existed. *See, e.g.*, *Long v. U.S.*, 59 F.2d 602, 603-604 (4th Cir. 1932), *cited with approval in Richardson v. Perales*, 402 U.S. 389 (1971).

Further, Cascades' expert report was produced in December 2020 in accordance with the Court's Order of November 2020. Under that Order, expert discovery and depositions were to be completed by January 18, 2021. Although Plaintiffs had full opportunity to take Mr. Rafferty's deposition or serve expert discovery to explore the basis of his opinions, they failed to do so. Plaintiffs, therefore, cannot now credibly argue that Mr. Rafferty should be precluded from testifying as to the basis of his opinions because of their own lack of due diligence. Additionally, the declarants' identification and statements have now been produced

to Plaintiffs and there is ample opportunity between now and trial for Plaintiffs to depose the declarants.

Because Rule 703 permits reliance on the information Mr. Rafferty, as a Certified Industrial Hygienist, relies upon, Rule 705 shifts to the cross-examiner the burden of eliciting the bases of an expert witness' opinion, and Plaintiffs have had ample time to consider the declarants' information, Plaintiffs' motion should be denied.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that the Court deny Plaintiffs' motion *in limine*.

Dated: January 18, 2022

s/ John Patrick McShea, III
John Patrick McShea, III (PA 34562)
**MCSHEA LAW FIRM, P.C.**
Centre Square, West Tower
1500 Market Street, Suite 4000
Philadelphia, PA 19102-2100
(215) 599-0800
JMcShea@mcshealawfirm.com

John M. Fitzpatrick
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeenth Street Suite 4500
Denver, Colorado 80202
(303) 244-1874
fitzpatrick@wtotrial.com

*Attorneys for Defendant Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2022, the foregoing Brief of Defendant Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc. in Opposition to Plaintiffs' Motion *in Limine* to Preclude Patrick J. Rafferty, MSPH, CIH From Relying Upon or Otherwise Testifying with Respect to Information Contained in Undisclosed Declarations of Unidentified Declarants (ECF 71) has been electronically filed and is available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the Middle District of Pennsylvania and that service of this document is made on all counsel of record by the Court's Electronic Case Filing System which will automatically send email notification of this filing to all counsel of record.

    s/ John Patrick McShea, III
    John Patrick McShea, III (PA 34562)
    **McSHEA LAW FIRM, P.C.**
    1500 Market Street, 40th Floor
    Philadelphia, PA 19102
    Tel. (215) 599-0800
    Fax (215) 599-0888
    JMcShea@mcshealawfirm.com

    *Attorney for Defendant Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc.*